The State of Ohio, Appellee, *v.* Walker, Appellant.

[Cite as State v. Walker (1976), 46 Ohio St. 2d 157.]

(No. 75-416—Decided May 5, 1976.)

Mr. Roger R. Ingraham, prosecuting attorney, and Mr. Kenneth McArtor, for appellee.

Mr. James R. McIlvaine, for appellant.

CELEBREZZE, J. This cause was certified to this court as being in conflict with the case of *State* v. *Perkins* (1974), 40 Ohio App. 2d 406, in which it was held that persons who committed offenses prior to January 1, 1974, and who were indicted and held in jail in lieu of bail on a felony charge after that date must be tried within two terms after the term of indictment, or within 90 days of January 1, 1974, whichever is earlier, per R. C. 2945.71 as amended January 1, 1974.

The trial court in the instant case took the position that R. C. 2945.71 through 2945.73, as amended, took effect January 1, 1974, and were not applicable to offenses committed prior to that date.

Prior to January 1, 1974, R. C. 2945.71 read as follows:

"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall be discharged unless a continuance is had on his motion *or the delay is caused by his act.*" (Emphasis added.)

The pertinent parts of the post-January 1, 1974, R. C. 2945.71, upon which defendant relies, read:

"(C) A person against whom a charge of felony is pending;

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and( C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

It would appear that in accepting the contention of the defendant that the act in question has prospective application from the date of enactment most necessarily allows that the court is also to apply R. C. 2945.72, as amended. (Clearly the facts in this case would require the application of that part of old R. C. 2945.71 emphasized *supra*.) The record illustrates that the delay in this case initially arose over the written plea of ·"not guilty by reason of insanity" filed by defendant's counsel in the defendant's presence at his arraignment. It is true that the time was extended by diverse and sundry acts all of which may not be capable of being laid at defendant's doorstep. However, in the pretrial held on May 6, 1974, the defendant, through counsel, made the following request which undoubtedly prolonged an ultimate determination of the mental competency of the defendant to stand trial:

"Mr. McIlvaine:

"* * *

"I understand the examination at Lima is completed, and I suggest under 2937.38 [*sic*] to inquire as to his condition, ability to understand the nature and quality of the charges, and counsel with his attorney and whether he is competent · to stand trial, and for that hearing we would request that we be allowed to question the examining doctors."

The journal entry of the court, dated June 5, 1974,

granted that request and it was ultimately "heard" just prior to the defendant's plea and sentencing on August 29, 1974.

R. C. 2945.72, as effective on or after January 1, 1974, is a new act designed to set forth under what circumstances the time periods provided under R. C. 2945.71 shall be extended. It is an obvious and commendable attempt by the General Assembly to take any vagueness out of the statute with respect to what the time element shall include in determining whether the defendant has been allowed a speedy trial. Accord, *Barker* v. *Wingo* (1972), 407 U. S. 514.

The pertinent parts of R. C. 2945.72 are:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(B) Any period during which the accused is mentally incompetent to stand trial, or is physically incapable of standing trial;

"* * *

"(E) Any period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused;

"* * *

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order."

We are of the opinion that this case falls squarely within the parameters of the aforecited code section. And while it may be fairly argued that the time element involved herein is excessive, to hold that such time period prejudiced the defendant is untenable in this case.

Defendant contends further that the Supreme Court Rules of Superintendence are applicable in this case. Sup. R. 8(B) provides that: "All criminal cases shall be tried within six months of the date of arraignment on an indictment or information." The rules were designed "to expedite the disposition of both criminal and civil cases in

the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes'' and ''to serve that public interest which mandates the prompt disposition of all cases before the courts.'' (Sup. R. 1.)

It is sufficient to say that the Rules of Superintendence have effectively cleared trial dockets in this state through a simplistic system of reporting the standing of each court's pending cases.

For reasons of the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.