THE STATE OF OHIO, APPELLANT, *v.* SPRATZ, APPELLEE.

(No. 78-1039—Decided May 2, 1979.)

62

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Carmen M. Marino,* for appellant.

*Mr. Donald J. O'Connor,* for appellee.

Keefe, J. The central issue raised by this appeal is whether the time between the tendering of a plea of not guilty by reason of insanity and a judicial finding of mental competency to stand trial should be included in computing days under R. C. 2945.71.[3] Thus, we are concerned with the period from May 4 (referral date) to June 8 (when the clinic reported to the court), a total of 35 days. If the 35 days were attributable to appellee's plea of not guilty by reason of insanity, then the state cannot be charged therefor under the speedy trial time period of R. C. 2945.71. Seemingly, *State* v. *Walker* (1976), 46 Ohio St. 2d 157, is apt and controlling.[4] Appellee contends, however, that *Walker* "does not resemble this case * * * and should be limited to a plea encompassing a *contemporary present state of insanity * * *.*" (Emphasis added.) We are willing to agree that *Walker* involved a plea of not guilty by reason of insanity which raised the question of defendant's contemporary mental condition prior to trial, and that in the instant matter the appellee's attorney believed she was not sane at the time of the commission of the crime. For the purposes of R. C. 2945.71, we perceive in appellee's contention only a distinction without a difference. The crime was committed on April 15, and appellee entered her plea of not guilty by reason of insanity approximately three

---

[3]The state poses, seemingly with some diffidence, a collateral issue in its Proposition of Law No. II. In its brief, the state argues that "[t]he prosecutor, the trial court, and the Court of Appeals all incorrectly computed the time for trial," and that now in retrospect, regardless of how we rule on the central issue *sub judice,* it should be recognized that the state still has seven "bail" days in which to try the defendant. In view of our decision on the principal question raised here, it is unnecessary to disentangle the jumble to which our attention is only superficially invited by the state's brief and oral argument *vis-a-vis* the second proposition of law. The true thrust of this appeal remains the issue resolved in the body of this opinion.

[4]In the second paragraph of the syllabus of *Walker,* we held:

"The time elapsing between the tendering of a plea of 'not guilty by reason of insanity' and a finding of mental competency to stand trial directly resulting from such plea shall not be included in computing days under R. C. 2945.71."

weeks later. The trial court was thus challenged to take the necessary means to ascertain if she was competent to stand trial, and the judge pursued the reasonable and required course by referring her to the Psychiatric Clinic. In other words, the filing of the insanity plea, regardless of whether it was prompted by her attorney's belief that she was not sane when the crime was committed or his belief that she was not sane at arraignment, thus brought to the notice of the trial court that insanity was a defense issue in the cause. R. C. 2945.37 then became relevant with its mandate, at that time, that "if it * * * comes to the notice of the court that such person is not then sane, *the court shall proceed* to examine into the question of the sanity or insanity of said person * * *." (Emphasis added.) See, also, R. C. 2945.40 which provided procedural guidelines for "any case in which insanity is set up as a defense."

Justice Celebrezze (now Chief Justice) in *Walker, supra,* at page 161, wrote that the case fell squarely within the strictures of R. C. 2945.72. The same can be said for the matter before us. We include here parts of R. C. 2945.72 which we find especially pertinent, and note parenthetically that the following portions are from the statute as it was structured at the time appellee was ordered to the psychiatric clinic[5]:

"The time within which an accused must be brought to trial or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(B) Any period during which the accused is mentally incompetent to stand trial, or is physically incapable of standing trial;

---

[5]The amendment of R. C. 2945.72, effective September 27, 1976, accomplished several changes, one of which was subdivision (B). The new subdivision (B) provides:

"Any period during which the accused is mentally incompetent to stand trial *or during which his mental competence to stand trial is being determined,* or any period during which the accused is physically incapable of standing trial." (Emphasis added.) Without directly deciding, this provision would seem to embrace such procedural situations as that before us, from September 27, 1976, onward.

"'* * *

"(E) Any period of delay necessitated by reason of a * * * proceeding, or action made or instituted by the accused;

"'* * *

"(G) Any period during which trial is stayed pursuant to an express statutory requirement * * *."

We find that all three cited paragraphs apply to the instant factual situation.

The judgment of the Court of Appeals deciding that the speedy trial time under Ohio statutes was not tolled by the psychiatric referral herein is, therefore, reversed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.[6]

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY and HOLMES, JJ., concur.

POTTER, J., dissents.

KEEFE, J., of the First Appellate District, sitting for W. BROWN, J.

POTTER, J., of the Sixth Appellate District, sitting for LOCHER, J.

POTTER, J., dissenting. I would affirm the judgment of the Court of Appeals for the reason expressed in its journal entry and opinion that the state did not have a right to appeal from the lower court's dismissal of the criminal charges based on the failure to comply with the speedy trial staute. See former R. C. 2945.68 and 2945.70; see, also,

---

[6] We find it no easy task to calculate the exact number of days remaining within which the state must try appellee Spratz, and we provide no computation with respect thereto. The burden of the exact calculation rests squarely upon the state and the trial court. See *State* v. *Siler* (1979), 57 Ohio St. 2d 1, and *State* v. *Singer* (1977), 50 Ohio St. 2d 103. In view of the history of this cause, we presume that the state will opt for a sesonable trial date as will necessarily obviate a crisis situation *vis-a-vis* R. C. 2945.71.

*State* v. *Sonnie* (1975), 46 Ohio App. 2d 164, to the same effect, and cases therein cited.

I would also affirm for the following reasons. As the majority opinion states, the state and defendant agreed in the trial court that more than 270 days had elapsed from the date of defendant's arrest on April 18, 1976. Apparently, in the trial court, the state added the days from December 6, 1976, the date of the re-indictment, to December 21, 1976, to the prior jail time. Now the state is contending that by counting only the bail days from December 17th, the date of arraignment, to December 21, 1976, the total time elapsed is 263 days. Nevertheless, the main argument of the state and the sole issue decided by the majority opinion is that the speedy trial time was tolled. The issue that the speedy trial time was tolled by reason of the time elapsing between the tendering of a plea of not guilty by reason of insanity and a finding of mental competency to stand trial resulting from such plea was raised for the first time in the Court of Appeals. The trial court, *sua sponte* and without objection by the state, referred the defendant for examination and report pursuant to R. C. 2945.37. I find that the failure by the state to object, the stipulation as to the expiration of 270 days by the state, and the failure to bring the tolling issue to the attention of the trial court, bring this case within the parameters of the first paragraph of the syllabus in *State* v. *Morris* (1975), 42 Ohio St. 2d 307, as follows:

"An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph three of the syllabus in *State v. Childs,* 14 Ohio St. 2d 56, approved and followed.)"

I find further that the dismissing of an indictment for the *sole* purpose of tolling R. C. 2945.71 is an abuse of procedural and substantive due process. It defeats by subterfuge the legislative purpose expressed in R. C. 2945.71, which sets forth the time limits to bring a defendant to trial.