[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 103.]

THE STATE OF OHIO, APPELLEE, *v.* PALMER, APPELLANT.

[Cite as *State v. Palmer*, 1998-Ohio-663.]

*Criminal law–Time for trial–R.C. 2945.72(B)–Competency–Time within which*
*accused must be brought to trial is tolled from date accused files a motion*
*challenging competency to stand trial–Tolling of R.C. 2945.72(B)*
*continues until trial court makes a competency determination.*

1.     Pursuant to R.C. 2945.72(B), the time within which an accused must be
       brought to trial is tolled from the date the accused files a motion challenging
       his or her competency to stand trial.

2.     The tolling of R.C. 2945.72(B) continues until the trial court makes a
       competency determination and does not end when a competency examiner
       fails to issue a report within the time limits imposed by former R.C.
       2945.371(D).

(No. 97-2046–Submitted October 13, 1998–Decided December 9, 1998.)

CERTIFIED by the Court of Appeals for Trumbull County, No. 95-T-5180.

———————————

{¶ 1} Willard Palmer, defendant-appellant, was arrested on July 18, 1994 for aggravated robbery and felonious assault of a police officer, and was held in jail in lieu of bail. On October 6, 1994, appellant filed a motion to determine his competency to stand trial. The trial court granted the motion on October 18, 1994, and ordered a competency evaluation. Although a competency report was written by an examiner, it was not made part of the record. On November 30, 1994, a competency hearing was held, at which time appellant was found competent to stand trial. The court set a trial date for December 5, 1994. On December 1, 1994, appellant filed a motion to dismiss on the ground that his speedy trial rights were violated. On December 2, 1994, the trial court denied the motion to dismiss, and

the case proceeded to trial as scheduled. The jury found appellant guilty of the crimes as charged. Appellant was sentenced to an indeterminate term of ten to twenty-five years on the felonious assault conviction and eight to twenty-five years on the aggravated robbery conviction. The sentences were ordered to be served consecutively.

{¶ 2} The Court of Appeals for Trumbull County affirmed appellant's convictions and found no speedy trial violations. The court held that the computation of days for speedy trial purposes was tolled from October 6, 1994, the date appellant filed his motion to determine competency, until the date the court ruled on the motion, which was November 30, 1994. Excluding these days, the court determined that appellant was brought to trial within the time required under R.C. 2945.71. Finding its holding to be in conflict with two decisions from the Twelfth District, the court of appeals certified two questions to this court for review. The cause is now before this court upon our determination that a conflict exists.

———————————

*Dennis Watkins*, Trumbull County Prosecuting Attorney, and *LuWayne Annos*, Assistant Prosecuting Attorney, for appellee.

*Morganstern, MacAdams & DeVito Co., L.P.A.*, and *Michael A. Partlow*, for appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 3} Two issues are certified for our review: "(1) Whether the time period within which an accused must be brought to trial is tolled from the date that a motion to determine the accused's competency to stand trial is filed or on the date on which a competency examination is ordered by the trial court[;] (2) Whether the speedy trial statutory time may continue to be tolled when the examiner's report is not filed within the thirty[-]day time period specified in R.C. 2945.371(D)." In answering the first certified question, we find that the time period within which an

accused must be brought to trial is tolled from the date the competency motion is filed. As to the second certified question, we find that the tolling of the speedy trial time period does not end when an examiner fails to issue a timely report. Instead, the time continues to be tolled until the court determines whether the accused is competent to stand trial. Since we find that appellant's speedy trial rights were not violated, we affirm the judgment of the court of appeals.

{¶ 4} R.C. 2945.71(C)(2) provides that an individual who has been charged with a felony offense must be brought to trial within two hundred and seventy days after his arrest. If the accused is held in jail in lieu of bail, each day counts as three days, and the accused therefore must be brought to trial within ninety days after his arrest. R.C. 2945.71(E). Pursuant to R.C. 2945.72, the time within which an accused must be brought to trial may be extended for those reasons specifically enumerated in the statute. One such reason for an extension is where the competency of the accused is being challenged. In particular, R.C. 2945.72(B) provides that the time may be extended for "[a]ny period during which the accused is mentally incompetent to stand trial *or during which his mental competence to stand trial is being determined * * *.*" (Emphasis added.)

{¶ 5} We are asked to decide when the extension allowed under R.C. 2945.72(B) begins to run—on the date the competency motion is filed or on the date the trial court grants the motion? Appellant urges this court to apply the Twelfth District holdings of *State v. Wilson* (1982), 7 Ohio App.3d 219, 7 OBR 281, 454 N.E.2d 1348, and *State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730. In both *Wilson* and *Bowman*, the appellate court held that the running of the time limit for trial is tolled when the motion for a competency evaluation is granted.

{¶ 6} Appellee, however, urges us to reject the reasoning employed in *Wilson* and *Bowman*. Instead, appellee contends that the clear language of R.C. 2945.72(B) dictates that the time is tolled from the point the competency motion is

filed. To support its decision, appellee relies on two decisions from this court, *State v. Walker* (1976), 46 Ohio St.2d 157, 75 O.O.2d 201, 346 N.E.2d 687, and *State v. Spratz* (1979), 58 Ohio St.2d 61, 12 O.O.3d 77, 388 N.E.2d 751, which address the tolling of the speedy trial time where pleas of not guilty by reason of insanity are involved. Although acknowledging that this case involves a competency issue, appellee nonetheless urges this court to apply the same standard that was used in those cases.

{¶ 7} In *Walker*, we held that the speedy trial time was tolled from when the accused tendered his or her plea of not guilty by reason of insanity. We stated, at paragraph two of the syllabus, that "[t]he time elapsing between the tendering of a plea of 'not guilty by reason of insanity' and a finding of mental competency to stand trial directly resulting from such plea shall not be included in computing days under R.C. 2945.71." This holding was followed in *Spratz*. Using this reasoning, appellee maintains that where a competency issue is raised, the time is tolled from when the accused files his or her competency motion until the court makes a finding on whether the accused is competent to stand trial.

{¶ 8} We agree with appellee's position. The express language of R.C. 2945.72(B) is broadly worded to include any period in which the accused's mental competency is being determined. Thus, when the accused files a motion with the trial court for a competency evaluation, he or she is placing the court on notice that competency is at issue. It is at this time, when the competency motion is filed, that the tolling provision of R.C. 2945.72(B) comes into play. Therefore, we find that, pursuant to R.C. 2945.72(B), the time within which an accused must be brought to trial is tolled from the date the accused files a motion challenging his or her competency to stand trial.

{¶ 9} The second issue is whether the tolling period ends when an examiner who is ordered to file a competency report fails to do so within the prescribed statutory time frame of former R.C. 2945.371(D). Former R.C. 2945.371(D)

provided that where a trial court orders a competency examination, the examiner's report shall be filed with the court within thirty days after entry of an order for examination. Pursuant to R.C. 2945.37(A), a hearing must then be held within ten days after the filing of the report (which is forty days from when the court orders the evaluation). In this case, no report was filed with the court, and the competency hearing was held on November 30, 1994, forty-three days after the trial court ordered a competency evaluation (rather than the forty days prescribed by statute).

{¶ 10} Appellant argues that to prevent an indefinite tolling of the statute, the tolling period should have ended when the examiner's report was due (on November 17, 1994). Appellant again relies on *State v. Wilson*, at paragraph two of the syllabus, and *State v. Bowman.* In *Bowman*, the court held that "[i]f a report of a psychiatric examination is not filed when due, time begins to run again after the due date." *Id.* at paragraph one of the syllabus.

{¶ 11} Again, we reject the holdings of these decisions. As previously stated, R.C. 2945.72(B) clearly provides that the speedy trial time is extended by "any period" during which the accused's competency is being determined. The statutory extension in R.C. 2945.72(B) is not limited to a specific time period. Nowhere in R.C. 2945.72 or former R.C. 2945.371 does it state that if a report is not filed when due, the tolling period ends and time begins to run again for speedy trial purposes. As stated by one appeals court, "[a]lthough the language of R.C. 2945.37(D) [*sic,* 2945.371(D) ] * * * is mandatory, its mandates are directed at the examination proceedings and hearings thereon, not the speedy trial provisions." *State v. Hickman* (Sept. 27, 1985), Ashtabula App. No. 1201, unreported, 1985 WL 10035. Therefore, the tolling effect of R.C. 2945.72(B) cannot be cut short by an examiner's failure to file a competency report within the prescribed time frame.[1]

---

1. We by no means advocate the failure of an examiner to timely file a report. However, if a defendant is dissatisfied with the slow response time, he or she can petition the court to enforce its order or request a hearing.

Consequently, we hold that the tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination and does not end when a competency examiner fails to issue a report within the time limits imposed by former R.C. 2945.371(D).

{¶ 12} With these principles in mind, we now compute the days that ran for speedy trial purposes to see whether appellant was brought to trial within the confines of the speedy trial statutes. Since appellant was held in jail in lieu of bond and since each day in jail is counted as three days, he was required to be brought to trial within ninety days after his arrest. As previously discussed, we do not consider the time from when appellant filed his competency motion (October 6, 1994) until the date appellant was found competent to stand trial (November 30, 1994). However, in computing the remaining days (which ran from the time of arrest until the date of trial), we find that fewer than ninety days had passed. Consequently, appellant was brought to trial in compliance with the speedy trial statutes, and his statutory speedy trial rights were not violated.

{¶ 13} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————