OPINION
Defendant-appellant Loran M. George brings this appeal from the judgment of the Court of Common Pleas of Allen County finding him guilty of attempted rape.
On January 4, 2000, Kelsey George, the 10-year-old daughter of George, told her mother that George had been sexually abusing her. The police interviewed Kelsey on January 12, 2000. As a result, Officer David Parker requested that George come down to the Lima Police Department for questioning. George confessed to having vaginal intercourse with his daughter during the questioning. Subsequently, George was placed under arrest on January 19, 2000, and charged with rape. George remained in jail at all times. On March 16, 2000, the grand jury returned an indictment of one count of rape against George. George entered a plea of not guilty on March 24, 2000.
On April 4, 2000, George filed a motion to suppress his statements to the police. A hearing was held on the motion to suppress on May 9, 2000. On May 23, 2000, the trial court overruled the motion to suppress. On April 7, 2000, George filed a motion for psychological evaluation, which was granted that same date. The court then set June 13, 2000, for a hearing on the results of the evaluation and the competency of George. The matter was then set for trial on June 19, 2000. On June 14, 2000, George moved for a continuance of his trial and filed a waiver of time. The trial court granted the motion and continued the trial until July 24, 2000.
On July 12, 2000, George filed a motion to dismiss the charges. The motion claimed that George's speedy trial rights were violated. The State filed a memorandum in opposition on July 19, 2000. The trial court overruled this motion finding that the delays were the results of George's various motions. On July 20, 2000, George changed his plea to no contest. The plea was the result of a plea agreement that reduced the charge to attempted rape of a child. George was found guilty and sentenced to 11 years in prison.
George raises the following assignments of error:
 The trial court erred in denying George a speedy trial pursuant to R.C. 2845.71.
 The trial court erred in failing to suppress George's confession by finding that statement did not fall under "Miranda" restrictions and/or was voluntarily given by George.
 In his first assignment of error, George claims he was denied his right to a speedy trial. R.C. 2945.71
states in pertinent part:
(C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time . . . each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
 Various extensions are provided for this time period by R.C. 2945.72, which states in pertinent part:
 The time within which an accused must be brought to trial . . . may be extended only by the following:
* * *
 (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined . . . ;
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance other than upon the accused's own motion.
 George claims in his argument that the State should be charged with 114-128 days of incarceration, which exceeds the 90 days permitted by statute. However, this ignores the time tolled for the various motions filed by George.
George was incarcerated for this offense on January 19, 2000. On April 4, 2000, George filed a motion to suppress. At this point, the State can be charged with 76 days. On April 25, the State filed a motion for a continuance on the motion to suppress. The trial court granted this motion and set the hearing for May 9, 2000. The trial court entered its judgment on May 23, 2000. The provisions set forth in R.C. 2945.72 toll the time period between April 4, 2000, and May 23, 2000. The motion to suppress was a motion filed by George, which is specifically tolled by R.C. 2945.72(E). Although the State requested the further continuance, the time period for it is also tolled by R.C.2945.72(H), which permits a reasonable continuance by parties other than the defendant as, we believe, where the continuance is a reasonable one necessary for response and hearing of defendant's motion. Here, the trial court granted a continuance of less than two weeks. This is not an unreasonable time period. Thus, the entire time from the filing of the motion to suppress and the filing of the denial of the motion is tolled.
George then filed a motion to permit a psychological exam on April 7, 2000, which was granted. George argues that this time should not be tolled because at no time was his competency raised. However, "when the accused files a motion with the trial court for a competency evaluation, he or she is placing the court on notice that competency is at issue."State v. Palmer (1998), 84 Ohio St.3d 103, 702 N.E.2d 72. Despite the fact that George's counsel did not specifically place George's competency at issue, the trial court was put on notice that it was an issue. When the evaluator failed to file a report within the prescribed time period, the trial court set the matter for a hearing on June 13, 2000. The purpose of this hearing was to determine if George was competent to stand trial. R.C. 2945.72(B) states that the time period during which the competency of a defendant to stand trial is being determined is tolled for purposes of the speedy trial statute. Thus, the time between the April 7, 2000 and the June 14, 2000, judgment entry finding George competent to stand trial is tolled.
Subsequent to the competency hearing, George, through his counsel, filed a motion to continue his trial from June 19, 2000 to July 24, 2000. The time for ruling on this motion is also tolled because it was necessitated by a motion filed by George. Before the trial date, George changed his plea to no contest and was found guilty. Due to the various motions, all but 76 days of George's incarceration were tolled. Thus the State did not deny George his right to a speedy trial. The first assignment of error is overruled.
George's second assignment of error is that the trial court should have suppressed his confession because he was not read his Miranda rights. However, one need only be informed of his or her rights prior to questioning if they are in custody. Here, George was asked to come to the police station. George provided his own transportation to the station and was informed that he was free to leave at any time. George was specifically told that he was not under arrest. At no time did George state that he wished to leave. At some point during the interview, George admitted to the officer that he had sexually abused his daughter. It was after this confession that George was placed under arrest. Since George was not in custody at the time the statements were made, there is no basis for the suppression of the statements. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 WALTERS, P.J., and HADLEY, J., concur.