DECISION.
On November 22, 2000, defendant-appellant Andrew Bevins, Jr., was indicted in the case numbered B-0009175 on one count of aggravated burglary and one count of rape. On December 7, 2000, Bevins was indicted in the case numbered B-0009380 on one count of escape from his arraignment on the aggravated-burglary and rape charges. The trial court consolidated the two cases.
After discharging two attorneys, Bevins waived his right to counsel and acted pro se with an attorney advisor. A jury found Bevins guilty on all three counts. The trial court sentenced Bevins to five years in prison for the aggravated burglary, to ten years in prison for the rape, and to five years in prison for the escape, with all the terms to be served consecutively. Bevins now appeals, raising six assignments of error. Because we find merit in the fourth assignment of error, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this decision.
 I. FACTS
In the early morning hours of November 8, 2000, Bevins broke into the apartment of his neighbor, Nina Gipson, and her eight-year-old daughter. Once he was inside the apartment, Bevins crept up the stairs into Gipson's bedroom. Gipson, who was watching television with her daughter, heard the noise, jumped out of bed, and grabbed a glass cup that was on her dresser. She hid behind her bedroom door with the cup, until the intruder, whom she later learned was Bevins, entered the bedroom. She was able to hit him on the head with the cup before she was overpowered from behind and placed in a chokehold.
After an extended physical struggle with both Gipson and her daughter, Bevins threatened to kill them if Gipson did not submit. Bevins then digitally raped Gipson. Gipson eventually escaped his grasp and ran screaming out of her apartment to a neighbor's home. Two neighbors saw Bevins running from Gipson's apartment to his truck nearby.
After the police arrived, Gipson, who was four months' pregnant at the time, was taken to the hospital for medical evaluation. Subsequent DNA analysis of blood found on Gipson's clothing and in her apartment matched that of Bevins. Bevins was arrested on November 15, 2000. During his arraignment, Bevins knocked down a deputy sheriff and ran out of the courtroom. He was subsequently captured and charged with escape.
 II. ANALYSIS
We begin our analysis by addressing Bevins's fourth assignment of error, which we find to be meritorious. In that assignment, Bevins contends that the trial court erred by failing to hold a competency hearing pursuant to R.C. 2945.37, when it ordered a competency evaluation that was never completed. We agree.
A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and if he has a rational and "factual understanding of the proceedings against him."[1] R.C. 2945.37 safeguards a criminal defendant's right not to be tried or convicted while incompetent.[2] It states,
 [I]n a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.[3]
 Thus, under R.C. 2945.37(A), a trial court must hold a competency hearing if the issue of the defendant's competence is raised before trial commences.
Our review of the record reveals that the trial court consolidated the aggravated-burglary and rape case with the escape case. Bevins's counsel filed a plea of not guilty by reason of insanity in the escape case. On January 24, 2001, the trial court ordered that Bevins be evaluated for his sanity at the time of the offense as well as for his mental competency to stand trial. The trial court's order, however, was not captioned under the case number for the escape, but instead under the case number for the aggravated burglary and rape. A report dated February 20, 2001, from the court clinic, which was journalized in the escape case, stated that Bevins was not eligible for an insanity defense.
On March 15, 2000, the trial court held a hearing on Bevins's motion to dismiss. At that hearing, the trial court addressed its January 24, 2000, order. While the trial court initially stated that its "referral, was for mental state at the time of the offense, NGRI, not competency," it admitted, after reviewing the order, that although it had intended to request an evaluation of Bevins's sanity alone, the form used by its staff had referred to competency as well. The court further acknowledged that the form had been filed under the wrong case number, and that the court clinic had returned a report on only the insanity plea. No further mention was made about Bevins's competency to stand trial at the hearing. There is nothing further in the record of either the aggravated burglary and rape case or the escape case regarding Bevins's competency to stand trial. The record is also silent as to whether any formal competency hearing was ever conducted.
Because the trial court admittedly raised the issue of Bevins's competency prior to trial, even if it did so inadvertently, it was statutorily required to conduct a competency hearing. Under the Ohio Supreme Court's decision in State v. Were,[4] the trial court's failure to hold such a hearing violated Bevins's statutory rights under R.C.2945.37. As a result, we must sustain his fourth assignment of error.
The resolution of Bevins's fourth assignment has rendered the third, fifth, and sixth assignments of error, challenging trial testimony regarding other criminal acts, Bevins's waiver of counsel, and his sentences, moot.[5] We, therefore, do not reach the merits of those challenges.
That leaves us to respond only to Bevins's first assignment of error, in which he argues that his speedy-trial rights were violated, and his second assignment of error, in which he challenges the trial court's failure to order the deposition of an out-of-state witness. In his first assignment of error, Bevins argues that his constitutional right to a speedy trial was violated when he was arrested on November 15, 2000, and not brought to trial until April 17, 2001. We disagree.
R.C. 2945.71(E) provides that, in a felony case, a criminal defendant who is in jail without bail must be brought to trial within ninety days of his arrest. R.C. 2945.72 further provides that the time within which a defendant must be brought to trial may be extended for several reasons, including any periods of time covered by a defendant's request for a continuance, a defendant's lack of counsel, or an evaluation of a defendant's competency to stand trial.[6]
The record reveals that Bevins was arrested on November 15, 2001, for aggravated burglary and rape. He was rearrested on November 16, 2001, for escape. The trial court consolidated the two cases.
On January 24, 2001, Bevins's counsel filed a plea of not guilty by reason of insanity in the escape case. As a result, the trial court ordered a mental examination of Bevins on January 24, 2001, and that was not completed until February 21, 2001. While Bevins acknowledges that the twenty-seven days between his plea and the trial court's finding of sanity could not be charged against the state under R.C. 2945.71,[7] he nonetheless maintains that any remaining delays were not chargeable to him. We disagree.
On February 21, 2001, Bevins's counsel and the state agreed to a trial date of March 28, 2001. The trial date was then moved up to March 15, 2001, due to the unavailability of a prosecuting witness. On March 15, 2001, Bevins's attorney filed a motion to dismiss the charges against him. He argued that Bevins's right to a speedy trial had been violated because the March 15, 2001, trial date was outside the ninety-day statutory time limit. The trial court denied the motion because Bevins's counsel had agreed to a trial date beyond the statutory limit.
A trial court has the discretion under R.C. 2945.72(H) to extend the time for trial when defense counsel agrees to a continuance and it is reasonable.[8] Given that Bevins's counsel agreed to a trial date outside the statutory limit and the continuance was reasonable, any delay from February 21, 2001, to March 15, 2001, could not be charged against the state.
The record also reflects that Bevins and his attorneys requested a series of continuances in both cases from January 24, 2001, to April 12, 2001. These delays were primarily a result of the fact that Bevins had fired an attorney and new counsel had to be appointed to represent him. The trial court ordered the final continuance from April 12, 2001, to April 17, 2001, so that Bevins and his newly appointed "attorney advisor" could prepare for trial. Given that these delays were also statutorily permissible under R.C. 2945.72(C) and (H), Bevins's statutory speedy-trial rights were not violated, and he was brought to trial within a constitutionally reasonable time. As a result, we overrule the first assignment of error.
In his second assignment of error, Bevins argues that the trial court erred by failing to grant his oral motion to depose an out-of-state witness crucial to his alibi defense. Crim.R. 15 governs the taking of depositions in criminal prosecutions. Crim.R. 15(A) states that the deposition of a prospective witness may be taken upon motion of the defense attorney or the prosecuting attorney if (1) it appears probable that the witness "will be unable to attend or will be prevented from attending a trial or hearing," (2) the witness's testimony is material, and (3) the taking of the deposition is necessary to prevent "a failure of justice."
Our review of the record reveals that Bevins did not comply with the requirements of Crim.R. 15(A). Bevins never filed a motion with the court outlining why his witness was unavailable within the meaning of Crim.R. 15(A). This lapse came in spite of the trial court's repeated instructions that Bevins and his defense attorneys needed to make such a motion before the court could order the taking of the deposition. Additionally, Bevins presented his alibi defense at trial through the testimony of three witnesses, including an out-of-state witness. Thus, Bevins cannot now demonstrate that the trial court's failure to order the deposition resulted in prejudice by him. Accordingly, we overrule his second assignment of error.
Because the trial court violated Bevins's statutory right to a competency hearing, we reverse its judgment and remand this cause for further proceedings in accordance with this Decision and the law.
Judgment reversed and cause remanded.
Gorman, P.J., Doan and Sundermann, JJ.
[1] State v. Berry (1995), 72 Ohio St.3d 359, 650 N.E.2d 438-439, quoting Dusky v. United States (1960), 362 U.S. 402, 403, 80 S.Ct. 788,789.
[2] Berry, supra, at 359, 650 N.E.2d at 438.
[3] R.C. 2945.37(B).
[4] (2002), 94 Ohio St.3d 173, 177, 761 N.E.2d 591, 593.
[5] See App.R. 12(A)(1)(c).
[6] See R.C. 2945.72 (H), 2945.72(C), and 2945.72(B).
[7] R.C. 2945.72(B); State v. Spratz (1979), 58 Ohio St.2d 61, 63,388 N.E.2d 751, 754.
[8] State v. McRae (1978), 55 Ohio St.2d 149, 378 N.E.2d 476.