DECISION.
On September 26, 2001, appellee Luis R. Sanabria was arrested and arraigned for aggravated menacing,[1] a first-degree misdemeanor. On January 23, 2002, Sanabria moved the trial court to dismiss the charge against him because his trial had not commenced within the ninety days required by statute.[2] The trial court granted Sanabria's motion, and the sole issue in this appeal is whether the court's dismissal was proper. We hold that it was not, and reverse.
It is true that Sanabria's trial began more than ninety days after he was arrested for and charged with the first-degree misdemeanor of aggravated assault. Such a violation of Sanabria's right to a speedy trial would typically result in his discharge.[3] But there are certain statutory exceptions that toll the counting of days for the purpose of calculating Sanabria's right to be promptly brought to trial.
One such exception is for "[a]ny period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined."[4] In this case, the state had requested an evaluation of Sanabria's competence to stand trial. He was found to have been incompetent to stand trial and was ordered to undergo residential treatment for sixty days. After the treatment, Sanabria was found competent to stand trial, but, according to Sanabria, by then the time within which he could have been legally tried had expired.
Sanabria acknowledges that he should not have been discharged if his competency evaluation and the time he spent in treatment did not count for purposes of calculating his speedy-trial date. He also implicitly acknowledges that a straightforward reading of the statute would suggest that result. But he offers two cases that, he argues, interpret the statute and require a different result.
Sanabria first cites an Ohio Supreme Court decision in which the court stated that "pursuant to R.C. 2945.72(B), the time within which an accused must be brought to trial is tolled from the date the accused files a motion challenging his or her competency to stand trial."[5]
Sanabria focuses on the court's use of the word accused and argues that it reflects the court's intent to limit R.C. 2945.72(B) to competency determinations requested by the accused. He contends that, because the state requested his competency evaluation and subsequent treatment, the time was not tolled during his period of incompetence.
But that is not the holding in the case. The issue before the court was whether time had been tolled from the date that the accused filed his competency motion or, alternatively, from the date when the court ordered a competency evaluation.[6] The court used the word accused because that was the factual basis of the case. We can discern no intent on the part of the court to interpret the tolling statute in such a way that competency evaluations or treatment initiated by the state — or on the court's own motion — do not suspend the time within which the accused must be brought to trial.
Given the clarity of the statute in question, we are sure that the court, had it intended to so interpret the statute, would have done so explicitly. And we are equally certain that the court did not intend the bizarre consequence that any time the state or court questioned an accused's competency, and the court ordered treatment, the speedy trial time would continue to run and the accused would go free. We will not construe a statute, or read supreme court decisions concerning a statute, to require an absurd result, especially when such a construction would bend the plain meaning of the statute's words.
Sanabria also cites a case from the Eight Appellate District.[7] In that case, the trial court had ordered a competency evaluation. The accused remained in jail beyond the statutory period for a speedy trial, but there was nothing in the record to suggest that a competency evaluation had ever occurred. The appellate court held that R.C.2945.72(B), which tolls the counting of days "during which [the accused's] mental competence to stand trial is being determined," was not applicable because the court had ordered an evaluation, but the state had neglected to perform it. We believe the reasoning of our brethren is sound, but do not find it applicable to this case. Here, Sanabria was evaluated within seven days of the court's order and was treated and restored to competency within sixty days.
We hold that under the circumstances of this case, R.C. 2945.72(B) tolled the period during which Sanabria would otherwise have been required to have been tried. We thus sustain the state's single assignment of error, reverse the judgment of the trial court and remand this cause for further proceedings consistent with the law and this decision.
Judgment reversed and cause remanded.
Doan and Hildebrandt, JJ., concur.
[1] See R.C. 2903.21
[2] See R.C. 2945.71(B)(2).
[3] See R.C. 2945.73(B).
[4] See R.C. 2945.72(B).
[5] See State v. Palmer, 84 Ohio St.3d 103, 106, 1998-Ohio-507,702 N.E.2d 72.
[6] See Id. at 104, 702 N.E.2d 72.
[7] See State v. Johnson (Mar. 8, 2001), 8th Dist. Nos. 78097, 78098, 78099.