JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Justin Allen, brings this appeal of the trial court's denial of his motion to dismiss his indictment. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} Appellant was subject to a Civil Protection Order ("CPO") issued by the Cleveland Municipal Court on December 19, 2002. The CPO was effective from its issuing date until December 18, 2007; it protected Portay Wright, Juanita Wright, and Sadie Marie Wright.
 {¶ 3} On November 26, 2007, appellant appeared uninvited at Portay's residence and allegedly began banging on the windows and doors of her home. Appellant was charged with violating R.C. 2919.27, which states: "(A) No person shall recklessly violate the terms of any of the following: (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code; (2) A protection order issued pursuant to section 2903.213 or 2903.214
[2903.21.3 or 2903.21.4] of the Revised Code; (3) A protection order issued by a court of another state." Violation of a protection order is a first degree misdemeanor.
 {¶ 4} On November 30, 2007, appellant pleaded not guilty. On December 4, 2007, he was found incompetent to stand trial, and the trial court ordered him to undergo treatment to restore him to competency. The case was continued until February 4, 2008. *Page 4 
 {¶ 5} Due to a temporary lack of beds at Northcoast Behavioral Healthcare, appellant was not admitted for restoration treatment until January 17, 2008. On January 22, 2008, the trial court sua sponte issued a second order finding appellant incompetent to stand trial and ordered him to undergo treatment to restore him to competency.
 {¶ 6} On February 4, 2008, a status hearing was held, at which time appellant made an oral motion to dismiss his case. He argued that the statutory time for restoration had expired. On February 19, 2008, the court held a hearing on appellant's motion, which it denied. The case was continued until March 4, 2008.
 {¶ 7} On March 4, 2008, appellant was found competent to stand trial. He pleaded no contest to the charge of violating a protection order. The trial court found appellant guilty and sentenced him to 180 days with 94 days suspended and 86 days credit for time served. Appellant was also sentenced to five years active probation.
 Review and Analysis {¶ 8} Appellant filed this timely appeal, asserting one assignment of error.
 {¶ 9} "I. The trial court erred by not dismissing the charge against Mr. Allen in violation of R.C. 2945.38, the Fifth, Sixth, andFourteenth Amendments to the U.S. Constitution and Article I, Section of the Ohio Constitution." *Page 5 
 {¶ 10} In his sole assignment of error, appellant argues that R.C. 2945.38(H) required the trial court to dismiss the indictment on February 4, 2008 because 60 days had expired since he was ordered to undergo treatment on December 4, 2007. We disagree.
 {¶ 11} A reviewing court presumes the correctness of a trial court's decision and presumes that the judge considered and properly applied all applicable law. Horton v. Dayton (1988), 53 Ohio App.3d 68,558 N.E.2d 79. If there is competent and credible evidence supporting a trial court's decision, a reviewing court will usually respect that decision and uphold it on appeal. State v. Schiebel (1990), 55 Ohio St.3d 71,564 N.E.2d 54.
 {¶ 12} On December 4, 2008, the trial court determined that appellant was incompetent to stand trial. The trial court ordered appellant to undergo restoration treatment pursuant to R.C. 2945.38(B)(1)(a), which states: "If *** the court finds that the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment." The trial court's decision was based on a Court Psychiatric Clinic report, which indicated there was a substantial probability that appellant could be restored to competency within one year. *Page 6 
 {¶ 13} R.C. 2945.38(C) states: "No defendant shall be required to undergo treatment, including any continuing evaluation and treatment, under division (B)(1) of this section for longer than whichever of the following periods is applicable: *** (3) Sixty days, if the most serious offense with which the defendant is charged is a misdemeanor of the first or second degree; ***."
 {¶ 14} Appellant did not report to the treatment facility until January 17, 2008, and he underwent less than 60 days of treatment. He was restored to competency before his March 4, 2008 pretrial. There is nothing in the statute that suggests the 60-day time period begins to run on the date the trial court orders treatment. In fact, appellant even acknowledges this in his brief, stating, "It is clear that the whole treatment and restoration process is mandated to take place within the prescribed sixty days."
 {¶ 15} The case appellant relies on, State v. McClay (July 19, 2001), Cuyahoga App. No. 78432, is easily distinguishable from the case before us. In McClay, the trial court determined that the defendant was incompetent to stand trial and unable to be restored to competency. In our case, the evidence at the competency hearings showed that appellant had a substantial probability of being restored to competency and, in fact, appellant was restored to competency.
 {¶ 16} Appellant argues that the language of R.C. 2945.38(H) mandates that the trial court dismiss an indictment if the 60-day time for treatment has expired. *Page 7 
 {¶ 17} R.C. 2945.38(H)(4) states: "If the court finds that the defendant is incompetent to stand trial, if the most serious offense with which the defendant is charged is a misdemeanor or a felony other than a felony listed in division (C)(1) of this section, and if the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, or if the maximum time for treatment relative to that offense as specified in division (C) of this section has expired, the court shall dismiss the indictment, information, or complaint against the defendant."
 {¶ 18} R.C. 2945.38(H)(4) does not require the trial court to dismiss an indictment 60 days after the initial order to undergo treatment is made. This requirement is triggered only if the treatment period exceeds 60 days, as provided for in R.C. 2945.38(C). We find that the trial court did not err in denying appellant's motion to dismiss the indictment as a violation of R.C. 2945.38.
 {¶ 19} Appellant also raises the issue of a speedy trial violation. See R.C. 2945.71.[1] We accept the trial court's finding that appellant served 86 days, *Page 8 
either in jail or at Northcoast Behavioral Healthcare, as set forth in his sentence. This is not a violation of the speedy trial statute, however, because the trial court's finding that appellant was incompetent to stand trial tolled the time. See R.C. 2945.72(B).[2]
Furthermore, in State v. Palmer, 84 Ohio St.3d 103, 1998-Ohio-507,702 N.E.2d 72, the Ohio Supreme Court held that the tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination.
 {¶ 20} In the case at bar, appellant's speedy trial time was tolled from December 4, 2007 until March 4, 2008. We do not find that appellant's speedy trial rights were violated.
 {¶ 21} Having found that the trial court did not err by denying appellant's motion to dismiss his indictment, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] R.C. 2945.71 states: "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows: *** (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
[2] R.C. 2945.72(B) states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: *** (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial; ***." *Page 1