[Cite as *State v. Richey*, 2020-Ohio-4089.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-036

     Appellee                                    Trial Court No. 2017CR0314

v.

Jason Richey                                    **DECISION AND JUDGMENT**

     Appellant                                   Decided:  August 14, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, James A.
Hoppenjans and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

**{¶ 1}** This matter is before the court on appeal from the April 30, 2019 judgment

of the Wood County Common Pleas Court, Criminal Division, which sentenced

appellant, Jason Lee Richey, to prison after a jury trial.  Finding no error, we affirm.

## II. Facts and Procedural Background

{¶ 2} On June 15, 2017, following an investigation and the execution of a search warrant at appellant Jason Richey's residence, Wood County Sheriff's Deputies arrested Richey for possessing and manufacturing methamphetamine. Richey remained in detention through the preliminary hearing on June 26, 2017, at which time the case was bound-over to the Wood County Grand Jury and a cash bail was set. On July 13, 2017, a Wood County Grand Jury indicted Richey for illegal manufacture of drugs, a felony of the first degree, in violation of R.C. 2925.04(A) and (C)(3)(b), and illegal assembly of possession of chemical for the manufacture of drugs, a felony of the second degree, in violation of R.C. 2925.041(A) and (C), with corresponding specifications for forfeiture of property. Richey's incarceration continued through arraignment on July 24, to the first pretrial on July 31, 2017.

{¶ 3} At the first pretrial, Richey executed a waiver of time limitations that extended to the second pretrial on August 7, 2017. During the second pretrial, Richey, through counsel, orally requested a competency evaluation, followed by a written motion filed the next day. The trial court scheduled the competency hearing for October 2, 2017. The court explicitly notified Richey that, since he raised the competency issue, time would be tolled until the matter was resolved on October 2, 2017. Richey lodged no objection to the scheduling for the competency hearing or the tolling of speedy-trial time, nor did he seek to have the matter resolved earlier than the scheduled competency hearing date of October 2.

2.

{¶ 4} Thereafter, a clinical psychologist at the Court Diagnostic and Treatment Center completed a competency evaluation, concluding that Richey was competent to stand trial. That evaluation was dated August 17, but it was never filed with the clerk, as evidenced by its absence on the trial court docket. At the October 2 competency hearing, the court found that Richey was able to understand the nature and objectives of the criminal proceedings. Again, Richey raised no objection to this scheduling or timing.

{¶ 5} During a December 4, 2017 pretrial, Richey executed a time waiver that extended until the end of the case, with the entry stating "IT IS HEREBY ORDERED that the Defendant's waiver of the statutory time limitations be accepted through the completion of the trial of this case." Additional pretrials were scheduled thereafter, with a trial date of February 20, 2019, ultimately set.

{¶ 6} Just prior to trial, Richey filed a motion to dismiss, alleging that his speedy-trial time pursuant to R.C. 2945.71(C)(2) had elapsed. Specifically, Richey claimed that the time between August 17, 2017, the date of the competency report, and October 2, 2017, the date of the competency hearing, should not have been tolled, thus resulting in a speedy-trial violation. The state responded, and the court rejected Richey's motion. In doing so the trial court determined that only 138 days had accrued against the time for trial.

{¶ 7} Following trial, a jury convicted Richey of both charges with the corresponding specifications. Thereafter, the trial court sentenced Richey to six years of mandatory imprisonment for the illegal manufacturing charge and five years of

mandatory imprisonment for the illegal assembly or possession charge, with those terms of imprisonment to be served concurrently. Richey now seeks review of his case.

### III. Assignments of Error

{¶ 8} Richey now appeals, asserting the following assignments of error:

1. The trial court erred by not holding a competency hearing within 10 days of the filing of the report under RC 2945.37 (C)

2. Whether the defendant received ineffective assistance of counsel.

### IV. Analysis

{¶ 9} We address the assignments of error separately, despite the fact that Richey briefs his two assignments of error in one argument as an "intertwined" issue. We find that the trial court's competency hearing comported with the timing requirements of R.C. 2945.37(C), which permits a continuance of the 10-day period for good cause. Richey failed to file transcripts of the competency hearing, and failed to argue the absence of good cause for exceeding the 10-day period. Furthermore, even if the trial court held a hearing beyond the 10-day period, Richey failed to raise the issue of prejudice or support any argument of plain error. Significantly, he failed to assert a separate assignment of error, challenging the trial court's denial of his motion to dismiss based on speedy trial rights.

### A. Competency Hearing within 10 days

{¶ 10} While Richey observes that R.C. 2945.37(C) requires a hearing "within ten days after the filing of the report[,]" he ignores additional language in that section of the

4.

statute which provides, "[a] hearing may be continued for good cause." *Id.* However, the state argues that the 10-day period was never triggered, because the competency report was never filed. Both arguments belie the facts of this case, to wit, that the trial court scheduled the competency hearing for October 2 without any objection. Richey accepted this date, waiving the very timing issue he now raises.

{¶ 11} There is no dispute that the trial court considered a report at the competency hearing, in accordance with R.C. 2945.37. Therefore, the report was delivered to the trial court. Pursuant to Crim.R. 12(B), "filing" includes filing with the clerk of court, or delivering to the judge, "in which event the judge shall note the filing date on the documents and transmit them to the clerk." The report was therefore filed by delivery to the judge, with no record before us of the delivery date, and no record of transmission to the clerk. Pursuant to R.C. 2945.371(G), when a trial court orders a competency examination, the examiner must file a written report within 30 days of the entry ordering the evaluation.

{¶ 12} Without a transcript of the competency hearing, Richey merely speculates that the trial court received the competency report well ahead of hearing, because "Court Diagnostics did not sit on the report dated August 17, 2017 for a month and a half." Whether Court Diagnostics sat on the report or provided it to the trial court, however, is irrelevant, as Richey accepted the October hearing date without objection. Simply put, there is nothing in the record to support Richey's objection to the timing of the competency hearing prior to his filing of a motion to dismiss. Richey's acquiescence to

5.

the hearing date is not trial court error. Richey's first assignment of error, accordingly, is not well-taken.

## B.  Ineffective Assistance of Counsel

{¶ 13} Richey next argues that he received ineffective assistance of counsel. Both the Sixth Amendment of the United States Constitution through the Fourteenth Amendment and Article 1, Section 10 of the Ohio Constitution guarantee the right to effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 48, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶ 14} The timing of the competency hearing is central to Richey's argument regarding ineffective assistance of counsel. Richey argues that the failure of counsel to object to the delay in proceeding to a competency hearing constituted reversible, and not harmless, error. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A). Based on this definition, an error is "not harmless" if it does affect substantial rights.

6.

{¶ 15} The only "substantial right" identified by Richey is his right to a speedy trial, an issue not properly before us on appeal. His argument regarding his speedy-trial rights, moreover, is misplaced, as the procedures governing competency determinations "are directed at the examination proceedings and hearings thereon, not the speedy trial provisions." *State v. Palmer*, 84 Ohio St.3d 103, 106, 702 N.E.2d 72 (1998) (citation omitted). To remedy a "slow response time," Richey could have petitioned the trial court "to enforce its order or request a hearing." *See id.* at 107, fn. 1. Richey proceeded to hearing on the scheduled date, however, without any objection.

{¶ 16} Richey subsequently filed a motion to dismiss, claiming violation of his speedy-trial rights, and the trial court denied that motion. Richey does not challenge this ruling on appeal. Pursuant to App.R. 12(A)(2), we may disregard an assignment of error "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 17} The record demonstrates a report dated August 17, and a hearing on October 2, 2017, with that date set—on the record—on the same day Richey requested a competency review. In arguing ineffective assistance, Richey failed to challenge the trial court's speedy-trial determination, and instead posits that if he waived his first assignment of error by failing to challenge the timing of his competency hearing, then he received ineffective assistance of counsel. We found no merit in appellant's first assignment of error. Accordingly, any failure to challenge the timing had no effect on the

7.

result of the proceedings. Where the failure to act is premised on a futile act, we presume effective assistance of counsel. (Citation omitted.) *State v. Leu*, 2019-Ohio-3404, 142 N.E.3d 164, ¶ 47 (6th Dist.). Thus, Richey's second assignment of error, claiming ineffective assistance of counsel, is not well-taken.

## V. Conclusion

{¶ 18} Finding substantial justice has been done, we affirm the April 30, 2019 judgment of the Wood County Court of Common Pleas. Richey is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.