CITY OF WESTLAKE, APPELLANT, *v.* COUGILL, APPELLEE.

(No. 78-350—Decided December 6, 1978.)

*Mr. Patrick A. Gareau,* law director, and *Mr. Daniel J. Kolick,* for appellant.

*Mr. Robert C. Kreps* and *Mr. Bruce T. Wick,* for appellee.

*Per Curiam.* The cause at bar presents two issues: (1) Whether the time within which appellee was required by R. C. 2945.71 *et seq.* to be brought to trial expired prior to his waiver of the statutory mandate, and (2) whether the

execution of the waiver form in this cause (which seeks a continuance and, by its title, purports to waive appellee's speedy trial rights under R. C. 2945.71, *et seq.*) removed the case from the operation of those statutes.

R. C. 2945.71(B)(1) provides that an individual charged with a misdemeanor, other than a minor misdemeanor, must be brought to trial "[w]ithin forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree * * *." Should the accused not be so brought to trial, after motion made at the commencement of or prior to trial, the General Assembly has decreed that he be discharged. R. C. 2945.73 (B). Furthermore, this legislative discharge purports to operate as a bar to any further criminal proceedings arising out of the same conduct. R. C. 2945.73(D).

The majority of the Court of Appeals concluded that the applicable time within which appellant was required to bring the accused to trial was 45 days from service of summons, and that a total of 72 days expired before appellee was brought to trial. Although appellee had signed a waiver of his statutory speedy trial rights, the court found it unnecessary to resolve the issue of whether such a waiver was permitted under *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 338 N. E. 2d 524, on the ground that the statutory time for trial had expired prior to the execution of the waiver.

The dissenting opinion in the Court of Appeals took exception to the method by which the majority calculated the number of days expiring under the statute. In her dissent, Judge Krupansky noted that only 44 days passed before the waiver was signed. Accordingly, it was necessary to rule upon the validity of the waiver, and she found that it was not in violation of this court's holding in *State* v. *Pudlock, supra.*

Our review of the record shows that only 44 days expired prior to the execution of the waiver. Appellee was served with summons in the first instance on January 15, 1976, but that case was dismissed *nolle prosequi* on Febru-

ary 19, 1976. A second summons was served on appellee March 2, 1976, but on March 11, 1976, appellee executed the form entitled "Waiver of Time for Trial."

Excluding the time between the date of the *nolle prosequi* and the date of the service of summons in the second action (since no charges were pending against appellee during this period), it is clear that appellee's waiver occurred prior to expiration of the maximum time constraints of R. C . 2945.71(B)(1). Thus, if the use of such a waiver form under the instant circumstances was permissible, the judgment of the Court of Appeals must be reversed.

This court has recognized an extension of the relevant statutory times when counsel for an accused has signed a "waiver of time" form. *State* v. *McBreen* (1978), 54 Ohio St. 2d 315, 376 N. E. 2d 593. From the standpoint of the propriety of using such forms, nothing significantly distinguishes the instant cause from *McBreen*. Nevertheless, appellee urges that the waiver form employed below is contrary to the holding in the case of *State* v. *Pudlock, supra*. That case stands for the proposition that practices which undercut the implementation of the "speedy trial" provisions of R. C. 2945.71 *et seq*. should be avoided. However, *Pudlock* involved an R. C. 2945.72(H) extension ordered *sua sponte* by a trial court after the relevant time limit had expired, and without the consent of the accused or his counsel It did not concern the practice followed in *McBreen* and the instant cause.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.