OPINION
This is an accelerated appeal taken from a final judgment of the Ravenna Division of the Portage County Municipal Court. Appellant, Lavone G. Mraz, appeals from her conviction for driving while under the influence of alcohol.
On January 21, 1998, appellant was arrested for driving while under the influence of alcohol. The arrest was the culmination of a traffic stop performed by an Ohio State Highway Patrol trooper.
Appellant was ultimately charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and speeding as proscribed by R.C. 4511.21(C). The former is a misdemeanor of the first degree, while the latter is a minor misdemeanor. The charges were brought against appellant via a traffic citation that was filed and time-stamped in the Ravenna Division of the Portage County Municipal Court on May 28, 1998. The case was docketed in the trial court under case number R 98 TRC 9089 S.
Appellant appeared before that trial court on June 8, 1998. She pled not guilty to the charges, whereupon the trial court released her on a $5,000 personal recognizance bond.
On July 9, 1998, appellant filed a motion to dismiss the charges on the ground that the state had failed to bring her to trial within the time allowed by R.C. 2945.71(B)(2). Thereafter, appellant submitted a brief in support of her motion to dismiss. In the brief, appellant alleged that she originally faced the same two misdemeanor traffic charges in the Kent Division of the Portage County Municipal Court. Appellant claimed that the original citation which she received from the trooper at the time of her arrest on January 21, 1998 summoned her to appear on January 28, 1998 in the Kent Division. That case was docketed as K98 TRC 698. When appellant appeared as scheduled, however, the case was dismissed.
Pursuant to her motion to dismiss filed in the Ravenna Division, appellant maintained that the trial court had a duty to discharge her due to the lapse of time between her arrest on January 21, 1998 and the filing of the second traffic citation on May 28, 1998. This position was predicated on appellant's belief that the time for a speedy trial was running during that entire interval. The trial court, however, overruled the motion to dismiss on July 24, 1998.
The matter was set for trial on August 21, 1998. Instead of going to trial that day, however, appellant opted to plead no contest to the charge of driving while under the influence of alcohol. The trial court adjudicated her guilty of that offense. The speeding charge was dismissed upon the motion of the prosecutor. The trial court then sentenced appellant to one hundred eighty days in the Portage County Jail and a fine of $450. All but three of the days in jail were suspended. The trial court stayed the execution of the sentence pending an appeal.
From this judgment, appellant filed a timely notice of appeal with this court. She now asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of defendant-appellant in overruling her motion to dismiss, timely filed with the court, based on violation of O.R.C. § 2945.71(b)(2) [sic], Ohio speedy trial statute."
 "[2.] The trial court erred in failing to file a judgment order extending the 90 day speedy trial frame."
Although appellant ostensibly assigns two proposed errors for our review, she did not set forth separate argumentation in her brief with regard to each error. In reality, appellant only makes one argument before this court, to wit: the trial court erred by overruling her motion to dismiss predicated on speedy trial grounds. This alleged error is reflected by appellant's first assignment of error. Appellant's second assignment of error is simply an alternative expression of the same proposition embodied by the first assignment. As such, we will dispose of both through a singular analysis.
Appellant takes a twofold position as to why the trial court erred in not discharging her from prosecution pursuant to the operation of R.C. 2945.71(B)(2). First, appellant claims that the time for a speedy trial lapsed between the date of her arrest on January 21, 1998 and the date that formal charges were refiled against her through the lodging of the second traffic citation on May 28, 1998. Second, appellant contends that the allotted time for trial expired between the date of the second citation and the date that she entered her no contest plea. As will be explained forthwith, appellant is wrong on both fronts.
The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution which provides in part that an accused "shall enjoy the right to a speedy and public trial[.]" See, also, Section 10, Article I of the Ohio Constitution. This federal constitutional right has been incorporated against the states through the operation of theFourteenth Amendment. State v. Broughton (1991), 62 Ohio St.3d 253,256, citing Klopfer v. North Carolina (1967), 386 U.S. 213,222-223.
The Ohio speedy trial statutes, R.C. 2945.71 et seq., were enacted as a means of giving effect to the constitutional guaranty of a speedy trial. Broughton, 62 Ohio St.3d at 256. Pursuant to R.C. 2945.71, the time within which an accused must be brought to trial in a misdemeanor case or accorded a preliminary hearing in a felony case is measured from the date of the arrest or the service of summons. The statute provides in part:
 "(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
"* * *
 "(2)Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
In the case at bar, appellant was charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1).[1] This is a misdemeanor of the first degree. As an initial matter, therefore, the state was statutorily obligated to bring appellant to trial within ninety days of the date of her arrest once formal charges were actually pending against her.
Appellant's first argument is that the ninety-day time period for bringing her to trial commenced to run when she was arrested on January 21, 1998. On that date, the trooper purportedly issued the first traffic citation to appellant which commanded her to appear in the Kent Division on January 28, 1998.
Even though these charges were apparently dismissed at her initial appearance on January 28, 1998, appellant claims that the ninety-day speedy trial period continued to run because she was rearrested pursuant to the second citation, which was premised upon the same underlying facts as alleged in the first citation. This argument, in other words, hinges upon the fact that the subsequent charges arose from the same operative facts as the prior charges. From appellant's perspective, therefore, the ninety-day time period was up in late April 1998. This was prior to the charges being filed anew on May 28, 1998 through the second citation.
As an initial matter, we would note that the record before this court only contains the May 28, 1998 citation that was docketed in the Ravenna Division as R 98 TRC 9089 S. It does not contain the first ticket that the trooper supposedly issued to appellant at the time of her arrest on January 21, 1998, which culminated in the dismissal of the charges at appellant's initial appearance one week later in the Kent Division.
Appellant did, however, attach a photocopy of the first citation to her motion to dismiss filed in the Ravenna Division. Based on this, it would appear that the first citation did exist and was docketed in the Kent Division as described by appellant.[2] Thus, we will assume for the sake of argument that appellant received a service of summons on January 21, 1998 in the form of the first citation.
Even assuming this arguendo, there was no speedy trial violation by the state. By its very terms, R.C. 2945.71(B) mandates that the time for trial of a misdemeanor charge, other than a minor misdemeanor, only runs against the state during the time in which the charge is actually pending in a court of record. See Broughton, 62 Ohio St.3d at 258 (stating this holding in the context of felony charges). Thus, the period encompassed by January 29, 1998 (the day after the dismissal of the charges brought pursuant to the first citation) through May 27, 1998 (the day before the traffic charges were filed anew pursuant to the second citation) did not count against the state for purposes of calculating the time for a speedy trial.
The Supreme Court of Ohio has endorsed the following rationale for tolling the time for a speedy trial during the interim period between the dismissal without prejudice of an original charge and the subsequent refiling of a new charge:
 "`* * * After the Government's dismissal of the complaint against him appellant * * * was no longer under any of the restraints associated with arrest and the pendency of criminal charges against him. He was free to come and go as he pleased. He was not subject to public obloquy, disruption of his employment or more stress than any citizen who might be under investigation but not charged with a crime. Unless and until a formal criminal charge was filed against him, neither he nor the public generally could have any legitimate interest in the prompt processing of a nonexistent case against him.'" State v. Bonarrigo (1980), 62 Ohio St.2d 7, 11, fn. 5, quoting United States v. Hillegas (C.A.2, 1978), 578 F.2d 453, 458. See, also, Broughton, 62 Ohio St. 3d at 258.
Moreover, the Supreme Court of Ohio has expressly held that the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, is not counted against the state under R.C. 2945.71 unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I). Broughton, 62 Ohio St.3d at 259-260. Although Broughton dealt with felony indictments, the same holding applies in the context of misdemeanor charges brought by way of complaint.
This conclusion is supported by the decision of the Supreme Court of Ohio in Westlake v. Cougill (1978), 56 Ohio St.2d 230. In Cougill, the court held that the speedy trial statute was tolled during the time period between a nolle prosequi of a misdemeanor charge and the refiling of the same charge arising out of the same conduct. The rationale for the court's conclusion was that no charge was pending against the defendant during that time period.
Thus, the ninety-day time period for bringing appellant to trial did not expire prior to the filing of the second traffic citation on May 28, 1998. To the contrary, the speedy trial statute was tolled from January 29, 1998 through May 27, 1998. However, the time period that elapsed from the arrest of appellant and the service of the first citation on January 21, 1998 until the charges were dismissed at her initial appearance on January 28, 1998 did count for speedy trial purposes. Broughton,62 Ohio St. 3d at 261; Bonarrigo, 62 Ohio St.2d at 11. This amounted to seven speedy trial days.
Appellant's second contention is that the time for a speedy trial lapsed between the filing of the second citation on May 28, 1998 and her subsequent no contest plea entered on August 21, 1998. Again, appellant is simply incorrect.
The speedy trial statute commenced running again when the second citation was filed on May 28, 1998. It continued to run until appellant filed her motion to dismiss the charges against her on July 9, 1998. R.C. 2945.72 contains an exclusive list of reasons which justify an extension of time for purposes of calculating the speedy trial date under R.C. 2945.71. Among the categories set forth in R.C. 2945.72 is the following:
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"* * *
 "(E)Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"
Pursuant to R.C. 2945.72(E), it is uncontroverted that a motion to dismiss acts to toll the time in which a defendant must be brought to trial. State v.Bickerstaff (1984), 10 Ohio St.3d 62, 67; State v.Brownlow (1991), 75 Ohio App.3d 88, 92. In the case subjudice, therefore, the statutory time for bringing appellant to trial was automatically tolled as of the date her motion to dismiss was filed on July 9, 1998. It remained tolled until the trial court denied the motion on July 24, 1998.
The matter then came on for trial on August 21, 1998. At that time, appellant opted to plead no contest. This date represented the terminus of the running of the time for appellant's speedy trial under R.C. 2945.71.
Upon review, it is obvious that appellant was brought to trial well-within the allotted ninety days. The accumulation of speedy trial days over the course of 1998 was as follows: seven days from January 22 (the day after appellant's arrest) through January 28 (the day the original charges were dismissed); forty-two days from May 28 (the day the second citation was filed) until July 8 (the day before appellant filed her motion to dismiss); twenty-eight days from July 25 (the day after the trial court ruled on the motion to dismiss) through August 21 (the day of appellant's plea hearing). This amounted to seventy-seven speedy trial days. Hence, the state brought appellant to trial within the time allowed by R.C. 2945.71(B)(2).
Based on the foregoing analysis, the assignments of error are meritless. Accordingly, the judgment of the trial court is affirmed.
NADER, J., O'NEILL, J., concur.
[1] We need not be concerned with the time for bringing appellant to trial for the minor misdemeanor offense of speeding since that charge was ultimately dismissed.
[2] We would note that it did not matter where the traffic case was ultimately filed. The Ravenna and Kent Divisions are simply two branches of the same court. As a whole, the Portage County Municipal Court has countywide jurisdiction. See R.C. 1901.02. Thus, the Ravenna and Kent Divisions both have jurisdiction over criminal cases originating anywhere in the county.