DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio, "Appellant," appeals from the trial court's dismissal of an assault charge against Rebekah Radabaugh, "Appellee," based on a speedy trial violation. On appeal, Appellant asserts that the trial court erred in finding that Appellee's statutory right to a speedy trial had been violated. Although we find that the trial court erred in failing to charge certain days against Appellee during the pendency of the actions below, we nevertheless find Appellant's sole assignment lacks merit. Accordingly, we affirm the decision of the trial court.
 {¶ 2} It is alleged that on or about October 5, 2003, Appellee caused physical harm to Deven Radabaugh, the minor child of her husband. As a result of the alleged events occurring on October 5, 2003, Appellee was charged with domestic violence, in violation of R.C. 2929.25, on December 3, 2004. Appellant received service of summons and entered a plea of not guilty on January 18, 2005. At the plea hearing, Appellee's counsel also filed a waiver of time, discovery requests and a jury demand. On February 7, 2005, Appellee retained new counsel and on the same day, Appellee filed another plea of not guilty, discovery demand, request for bill of particulars and various other motions, including a motion for continuance of the pretrial conference. The matter proceeded through a series of continuances, at the request of both Appellant and Appellee, another waiver of time, and other hearings until the matter was finally dismissed on September 13, 2005.
 {¶ 3} Ten days after the dismissal, on September 23, 2005, a new case was filed based on the events occurring on October 5, 2003, this time charging Appellee with assault, in violation of 2929.13. Appellee received service of summons on this charge on December 14, 2005 and on December 19, 2005 filed a demand for discovery. The matter was set for jury trial on January 13, 2006; however, Appellee filed a motion to dismiss based on a violation of her speedy trial rights on January 4, 2006. The trial court granted the motion on January 5, 2006, thereby discharging Appellee. It is from this decision and entry that Appellant brings its current appeal, assigning a sole assignment of error for our review.
 {¶ 4} "I. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT/APPELLEE'S RIGHT TO A SPEEDY TRIAL CODIFIED IN RC HAD BEEN VIOLATED."
 {¶ 5} Appellant argues that the trial court erred in granting Appellee's motion to dismiss based on a speedy trial violation. Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., State v. Pinson, Scioto App. No. 00CA2713, 2001-Ohio-2423; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g.,Kuhn; Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980,1994 WL 655905.
 {¶ 6} Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See Brecksville v. Cook, 75 Ohio St.3d 53, 57,1996-Ohio-171, 661 N.E.2d 706; State v. Miller (1996),113 Ohio App.3d 606, 608, 681 N.E.2d 970; State v. Cloud (1997), 122 Ohio App.3d 626,702 N.E.2d 500. Alternatively, we have held that the standard of review when determining whether there was a speedy trial violation in a case such as this one, is simply to count the number of days. State v.DePue (1994), 96 Ohio App.3d 513, 645 N.E.2d 745.
 {¶ 7} Although Appellee was originally charged with domestic violence, a first degree misdemeanor in violation of R.C. 2929.15, that charge was dismissed and re-filed as assault under R.C. 2903.13, also a misdemeanor of the first degree. A person charged with a first degree misdemeanor must be brought to trial "[w]ithin ninety days after the person's arrest or service of summons." R.C. 2945.71 (B)(2).
 {¶ 8} Both charges resulted from events occurring on October 5, 2003. Because the second charge brought against Appellee on September 23, 2005 stemmed from the original set of facts giving rise to the original charge issued on December 3, 2004, the same ninety-day time period also applied to the second charge. See, State v. Adams (1989),43 Ohio St.3d 67, 538 N.E.2d 1025. " ` * * * When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " Id., citingState v. Clay (1983), 9 Ohio App.3d 216, 218, 459 N.E.2d 609; See, also, State v. Bonarrigo (1980), 62 Ohio St.2d 7, 11,402 N.E.2d 530. Therefore, the ninety-day statutory time period in which the state had to bring Appellee to trial on the subsequently filed assault charge began to run at the time Appellee received service of summons on the original domestic violence charge, which was January 18, 2005. See, R.C.2945.71 (B)(2) (providing that a person charged with a misdemeanor of the first degree shall be brought to trial within ninety days after the person's arrest or service of summons").
 {¶ 9} However, Crim.R. 45 further provides in (A) that
 "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included."
Accordingly, pursuant to Crim.R. 45, because Appellee received service of summons on the original domestic violence charge on January 18, 2005, the ninety-day period in which Appellee had to be brought to trial on the subsequently filed assault charge began to run on January 19, 2005.
 {¶ 10} Before we calculate the speedy trial time, we must take into consideration several points of law related to the issue of speedy trial. Appellant argues that the filing of a waiver of time related to the first charge applies as against the second charge. We disagree. The Supreme Court of Ohio has clearly stated that "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." State v. Adams (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, paragraph one of the syllabus. As such, we are not persuaded by Appellant's argument that Appellee's initial waiver applies to the subsequently filed assault charge.
 {¶ 11} Appellant further argues that even if the waiver is inapplicable, that certain days, such as requests for discovery and continuances by Appellee, should be charged against Appellee, not the state, when computing how much time has elapsed for speedy trial purposes. We agree. The Supreme Court of Ohio has also stated, in considering a question of first impression, that "[a] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159, paragraph one of the syllabus. Thus, we agree with Appellant that when calculating the days elapsed for purposes of speedy trial, certain days must be charged against the state and certain days must be charged against Appellant. See, State v. Penwell (Feb. 24, 1994), Highland App. No. 821, 1994 WL 63051 (noting that "the timeaccumulated against the state during the pendency of the first complaint must be added to the time charged against the state during the pendency of the second complaint."); citing State v. Broughton (1991),62 Ohio St.3d 253, 581 N.E. 2d 541. (Emphasis added).
 {¶ 12} Further, the time which elapses between the dismissal of the original charge and re-filing are excluded for purposes of speedy trial.City of Westlake v. Cougill (1978), 56 Ohio St.2d 230, 383 N.E.2d 599
(excluding the time between the nolle prosequi and the date of the service of summons in the second action, since no charges were pending against appellee during this period); See, also, State v. DePue (1994),96 Ohio App.3d 513, 645 N.E.2d 745, relying on State v. Broughton at 258 and R.C. 2945.71 (C) (holding "that the statute is tolled during the time period between the original dismissal of charges and the subsequent re-filing of new charges based upon the same underlying facts as the original charges * * *."). In fact, time does not even begin to run upon the re-filing of the new charges, rather it begins to run when the defendant is arrested or receives service of summons on the new charge.Cougill, supra; Broughton, supra.
 {¶ 13} Finally, we are mindful that a defendant's motion to dismiss also tolls the running of the speedy trial statute. See, State v.Depue, supra, (stating "the Supreme Court held that the speedy trial time period is tolled upon a defendant's motion to dismiss on double jeopardy grounds); citing Broughton, supra; See, also, R.C. 2945.72.(E)
 {¶ 14} Bearing in mind the foregoing legal precedent, our review begins with a summary of the relevant dates and events.
 Original domestic violence charge: 12/3/04 Case filed with court 1/18/05 Warrant recalled (Appellee must have received summons) plea, request for discovery, jury demand, waiver of time 1/21/05 State's response to discovery 2/7/05 New attorney filed notice of appearance, written plea of not guilty, Appellee's demand for discovery, request for bill of particulars, motion for continuance of pre-trial from 2/14/05 to 2/15/05 2/14/05 Appellee's motion for continuance of final pre-trial from 3/7/05 to 3/8/05 3/10/05 Case set for jury trial on 4/15/05 3/14/05 Case set for jury trial on 4/22/05 4/14/05 State's motion for examination of child witness 4/18/05 Judge signed order of continuance of jury trial set 4/22/05 (continued on court's own motion) 5/17/05 Case set for jury trial on 6/17/05 5/23/05 Appellee's motion for continuance of 6/17/05 jury trial 6/9/05 Case set for jury trial on 9/9/05
6/30/05 State's motion for continuance of 9/9/05 jury trial 7/1/05 Case set for jury trial on 9/16/05 9/13/05 Dismissal notice filed by prosecutor without prejudice
Re-filed assault charge:
 9/23/05 Case filed with court 12/14/05 Warrant recalled (Appellee must have received summons) 12/19/05 Notice of appearance, demand for discovery
12/29/05 Case set for jury trial on 1/13/06 1/4/06 Motion to dismiss
1/5/06 Decision and entry granting motion to dismiss
 {¶ 15} In accordance with R.C. 2945.71(B)(2), the state had to bring Appellee to trial within ninety days from the time she received service of summons on the domestic violence charge, not counting the actual day of receipt. 352 days elapsed from January 19, 2005 to January 6, 2006, when the trial court discharged Appellee on the re-filed assault charge. However, the time requirement set forth in R.C. 2945.71 is subject to extensions provided in R.C. 2945.72, which provide, in pertinent part, as follows:
 "The time within which an accused much be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 * * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 * * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 16} Thus, when calculating the time elapsed for purposes of speedy trial, certain days must be charged against Appellee, rather than the state. A review of the record reveals that time was tolled from Appellee's January 19, 2005, discovery request until the state's January 21, 2005, response to discovery was filed. Accordingly, three days should have been counted against Appellee during this period of time.
 {¶ 17} Appellee then filed two successive motions for continuances which further tolled the running of the statute. Appellee's February 7, 2005, motion for continuance, which requested the February 14, 2005, pre-trial conference be continued to February 15, 2005, resulted in time being tolled from February 7, 2005, the date the motion was filed, until February 15, 2005, the date to which the pre-trial conference was continued. See State v. Sanders (December 10, 1996), Pickaway App. No. 95CA6, 1996 WL 734666 (calculating tolling from date motion for continuance was filed). Thus, nine days should have been counted against Appellee during this period of time. Appellee filed another motion for continuance on February 14, 2005, this time requesting that the March 7, 2005, formal pre-trial be continued to March 8, 2005. Thus, in light of the days already counted against Appellee in the prior motion for continuance, which already covered February 14-15, 2005, twenty-one more days should have been counted against Appellee for this continuance from February 16, 2005 to March 8, 2005.
 {¶ 18} Further, on May 24, 2005, Appellee filed a motion for continuance of the June 17, 2005, jury trial. Appellee's request was granted and the trial court set the trial for September 9, 2005. As such, time was tolled from May 24, 2005 to September 9, 2005, resulting in 109 days being counted against Appellee.
 {¶ 19} The original domestic violence charge was dismissed by the state on September 13, 2005. The state then re-filed the matter as an assault charge on September 23, 2005. Appellee received service of summons on the re-filed assault charge on December 14, 2005. The time between the dismissal without prejudice of an original charge and the filing of a subsequent charge, premised on the same facts as alleged in the original charge, are not counted for purposes of speedy trial. See, generally, Broughton, supra. Therefore, ninety-two more days should have been counted against Appellee during this time period.
 {¶ 20} Finally, Appellee's December19, 2005 demand for discovery and January 4, 2006 motion to dismiss tolled the running of the statute until the matter was dismissed by the trial court on January 5, 2005. Accordingly, eighteen more days should have been counted against Appellee during this time period.
 {¶ 21} Thus, out of a total of 352 days, 252 days should have been counted against Appellee, leaving a total of 100 days chargeable against the state for speedy trial purposes. Accordingly, because Appellee was not brought to trial within ninety days, as required by R.C. 2945.71
(B)(2), we find that Appellant's sole assignment of error lacks merit. Accordingly, we affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.