[Cite as *State v. King*, 2018-Ohio-3232.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER KING | : | Case No. 17-CA-00009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2017 E 195, the case originated from the Perry County Municipal Court, Case No CRB 1700174B

JUDGMENT: Reversed and Vacated

DATE OF JUDGMENT: August 10, 2018

APPEARANCES:

For Plaintiff-Appellee

NANCY NASH RIDENOUR
Assistant Prosecuting Attorney
P. O. Box 569
New Lexington, OH  43764

For Defendant-Appellant

APRIL F. CAMPBELL
545 Metro Place South
Suite 100
Dublin, OH  43017

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant Christopher King appeals the October 13, 2017 judgment of conviction and sentence of the Perry County Court of Common Pleas, Juvenile Division. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On January 27, 2017, Stephanie Winters was a guidance counselor at Sheridan High School in the Northern Local School District. On that day, she spoke with a female student who disclosed she had been sexually assaulted by a male classmate. The student further disclosed the individual who assaulted her was the son of appellant, who at the time, was the principal of Sheridan High School. Following this disclosure, instead of reporting it to the appropriate agencies, Winters consulted with another school counselor, Alicia Stockler, regarding the situation. Instead of advising Winters to report the allegation, or doing so herself, Stockler suggested Winters speak with appellant.

{¶ 3}  Winters then went to appellant who advised her to continue counseling and supporting the female student, and he would take care of the rest. Appellant, however, also failed to report the allegations to the appropriate agencies.

{¶ 4}  Sometime in February, Superintendent Thomas Perkins was alerted to the situation by a school board member. As a result, Perkins scheduled a meeting with appellant in Perkins' office. Perkins confronted appellant with the information he had on the situation, advised King that he could lose his job because the situation looked like a cover-up. Appellant admitted he had not reported the allegations to anyone.

{¶ 5}  Appellant's employment was terminated. Both guidance counsels were internally reprimanded.

{¶ 6}   On March 27, 2017, appellant was charged in the Perry County Municipal Court with one count of failure to report a crime pursuant to R.C. 2921.22(A)(1), and one count of duty to report child abuse or neglect pursuant to R.C. 2151.42.1(A)(1)(a), misdemeanors of the fourth degree. Appellant was served with his municipal court summons on March 30, 2017.

{¶ 7}   On April 3, 2017, appellant's trial counsel filed a notice of appearance and a demand for discovery.

{¶ 8}   On April 6, 2017, appellant waived his speedy trial time. On June 13, 2017, however, appellant revoked his speedy trial waiver.

{¶ 9}   On the same day, appellee dismissed the case apparently having discovered it had misfiled the charge of duty to report in the municipal court, a charge over which the juvenile court has exclusive jurisdiction. Appellee on the same day, refiled the charge in the Perry County Juvenile Court. The complaint alleged the same facts as in the municipal court case.

{¶ 10} On June 15, 2017, appellant, on his own accord, went to the Perry County Juvenile Court Clerk of Courts. He asked for and was provided with a copy of the complaint. At the same time, he filed a handwritten plea of not guilty. On June 22, 2017, appellant was served with a copy of the complaint via certified mail.

{¶ 11} On June 30, 2017, appellant appeared in the juvenile court with his attorney for a pretrial. No formal arraignment took place. The trial court acknowledged that appellant had already entered a written plea of not guilty and had accepted a copy of the complaint. A second pretrial was scheduled for July 28, 2017.

{¶ 12} On July 24, 2017, counsel for appellant filed a motion to suppress the statements appellant made to Perkins on the basis of a *Garrity* violation. Appellee respond to the motion on July 28, 2017. A hearing was scheduled on the matter for September 5, 2017.

{¶ 13} Between the second pretrial and the suppression hearing, counsel for appellant discovered he needed to be in trial in the Delaware County Municipal Court. Counsel filed a motion to continue on August 25, 2017, and appellee did not object to a continuance. On August 28, 2017, the trial court denied the motion

{¶ 14} On the day of the suppression hearing, appellant appeared without counsel. The trial court gave appellant the option of proceeding pro se, explaining that the instant case had been scheduled first and it was not going to permit appellant's counsel to control the case by scheduling another case. Appellant expressed the need for counsel. On September 14, 2017, the trial court issued a judgment entry dismissing the motion to suppress for counsel's failure to appear.

{¶ 15} On September 26, 2017, appellant filed a motion to dismiss on speedy trial grounds. The trial court issued its judgement entry denying the motion on September 28, 2017.

{¶ 16} Appellant's jury trial took place on September 29, 2017. Both guidance counselors testified against appellant at trial and were granted immunity. Appellant was found guilty of duty to report.

{¶ 17} On October 13, 2017, appellant was sentenced to 30 days in jail, suspended, and ordered to observe a sexual assault trial within six months of sentencing.

{¶ 18} Appellant filed an appeal, and the matter is now before this court for consideration. He raises three assignments of error:

I

{¶ 19} "THE TRIAL COURT SHOULD HAVE DISCHARGED KING FROM PROSECUTION, BECAUSE THE STATE VIOLATED HIS RIGHT TO A SPEEDY TRIAL."

II

{¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING KING'S MOTION TO CONTINUE HIS SUPPRESSION HEARING, AND BY DISMISSING IT AS A SANCTION: THE DECISION DENIED KING HIS FUNDAMENTAL RIGHT TO COUNSEL, AND INEXCUSABLY PENALIZED KING."

III

{¶ 21} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PROBATION CONDITION THAT KING WATCH A SEXUAL ASSAULT TRIAL WITHIN SIX MONTHS."

I

{¶ 22} In his first assignment of error, appellant argues the trial court erred in denying his motion to dismiss on speedy trial grounds. We agree.

{¶ 23} The right to a speedy public trial is established in the Ohio Constitution, Article I, Section 10. "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged

to have been committed * * *." See, *State v. MacDonald*, 48 Ohio St.2d 66, 68, 357 N.E.2d 40, 42(1976).

{¶ 24} R.C. 2945.71 codifies a defendant's right to a speedy trial and provides the time within which a hearing or trial must be held for specific offenses. A person charged with a misdemeanor of the fourth degree, as was appellant here, shall be brought to trial within 45 days after the person's arrest or the service of summons. R.C. 2945.71(B)(1).

{¶ 25} The spirit of the speedy trial statute is primarily to minimize restrictions on freedom and the general disruption of life caused by pending and unresolved criminal charges. See, e.g., *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

{¶ 26} R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶ 27} "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

{¶ 28} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id.* When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996).

Analysis

{¶ 29} In the instant matter, we are confronted with two issues in making our speedy trial calculations. First, whether the transfer of this matter from municipal court to the juvenile court constitutes a "removal or change of venue pursuant to law" under R.C. 2945.72(F) or was simply a dismissal and a refile, and second, which service of summons began the speedy trial clock.

Removal or Change of Venue

{¶ 30} R.C 2945.72(F) allows for an extension of time if a removal or change of venue occurs according to law. This case started in the Perry County Municipal Court,

but was dismissed and refiled in the Perry County Court of Common Pleas Juvenile Division with a singular charge when appellee apparently realized the charge of duty to report, pursuant to R.C. 2151.421(A)(1)(a) had been misfiled in the municipal court.

{¶ 31} As to the jurisdiction of the juvenile court, the unambiguous language of R.C. 2151.23(A)(6) provides:

> (A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
>
> * * *
>
> (5) To hear and determine all criminal cases charging adults with the violation of any section of this chapter * * *

{¶ 32} In *Brecksville v. Cook*, 75 Ohio St.3d 53, 661 N.E.2d 706 (1996), the Supreme Court of Ohio examined the meaning of the word "removal" as used in R.C. 2945.72(F) and concluded "the General Assembly intended the word "removal" in R.C. 2945.72(F) to refer to the transfer of a case from one state court to another, including a transfer from the mayor's court to the municipal court." *Id*. at 57.

{¶ 33} This case, however, does not appear to have been a transfer akin to the situation contemplated in *Cook*. In Cook, the mayor certified a case to the municipal court for trial. The municipal court received the matter, placed it on the docket and set the matter for arraignment. Here, the municipal court was without authority to hear the duty to report charge in the first place. Thus, the state dismissed the case in municipal court on its own

motion due to its own administrative error. It was not certified or transferred from one court to another court as in *Cook*.

{¶ 34} Because we must strictly construe the relevant statues against the state, and because we cannot penalize appellant for the state's error, we find under what occurred here was a nolle prosequi and subsequent refiling of the same charge. In *Westlake v. Cougill*, 56 Ohio St.2d 230, 233, 383 N.E.2d 599 (1978) the Supreme Court held that the speedy trial clock is tolled, but not reset, during the period between the nolle prosequi of a charge and the subsequent refiling of the same charge. See, also, *State v. Spratz*, 58 Ohio St.2d 61, 62, N.E.2d 751 (1979) fn. 2 (the speedy-trial statute was tolled following a nolled indictment until the date of reindictment)

{¶ 35} We find, therefore, that the speedy trial clock did not begin anew with the refiled charge in the juvenile court.

{¶ 36} In the municipal court, appellant was served on March 30, 2017. The statutory time limits for speedy trial begin to run on the day after the date of arrest or service of summons. R.C. 2945.71(B)(1); *State v. Steiner*, 71 Ohio App.3d 249, 250-251, 593 N.E.2d 368 (9th Dist. 1991). Speedy trial time thus began on March 31, 2017.

{¶ 37} Appellant filed a request for discovery on April 3, 2017, tolling time. "[A] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040, syllabus. Appellant subsequently executed a waiver time on April 6, 2017, and revoked the same on June 13, 2017. The 4 days which accrued from March 31 to April 3, 2017 are chargeable to the state.

Service of Summons

{¶ 38} Next, we must determine which service of summons in the juvenile court began the speedy trial clock.

{¶ 39} First, as noted above, the speedy trial clock is tolled, but not reset, during the period between the nolle prosequi of a charge and the subsequent refiling of the same charge. In *State v. Bonariggo*, 62 Ohio St.2d 7, 9-10, 402 N.E.2d 530 (1980) the Supreme Court of Ohio explained:

> In *State v. Spratz* (1979), 58 Ohio St.2d 61, 62, at fn. 2, 388 N.E.2d 751, we expressly noted that the entry of a nolle prosequi on a felony charge tolled the running of statutory speedy trial time until such time as the accused was re-indicted. Similarly, in *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 383 N.E.2d 599, we excluded from the computation of speedy trial time a period between a nolle prosequi of misdemeanor charges *and the service of summons of a second filing of misdemeanor charges arising out of the same conduct.* In both cases, credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the nolle prosequi.

{¶ 40} Emphasis added, citing *State v. Stephens*, 52 Ohio App.2d 361, 371, 370 N.E.2d 759, ( 8th Dist.1977) ("the proper method of computing time under R.C.

2945.71 is to include time pending trial under original indictment where a nolle prosequi has been entered on the original indictment * * * .")

{¶ 41} Thus it appears that although appellant is credited the time the charge was pending in municipal court, time is tolled until the service of summons on the second filing. Here, the juvenile court served appellant via certified mail on June 22, 2017.

{¶ 42} Although appellant appeared in the clerk's office and obtained a copy of his complaint on June 15, 2017, we decline to find this self-service a service of summons. Rather, official service was accomplished on June 22, 2017.

### Appellant's Right to Speedy Trial Violated

{¶ 43} After the official service of summons, appellant filed a motion to suppress on July 24, 2017 tolling time. Thus to that point, 4 days in municipal court plus 32 days in juvenile court is 36 days.

{¶ 44} On September 14, 2017, the trial court issued its judgment entry dismissing appellant's motion to suppress, and again beginning the speedy trial clock. On September 26, 2017, appellant filed a motion to dismiss on speedy trial grounds. Between the time the trial court dismissed the motion to suppress and appellant's motion to dismiss, 13 more days accrued for a total of 49 days. Thus time was well past 45 days when appellant filed his motion to dismiss on speedy trial grounds.

{¶ 45} Appellant's first assignment of error is granted.

### II, III

{¶ 46} Based on the resolution of the first assignment of error, appellant's remaining assignments of error are moot.

Conclusion

{¶ 47} Appellant's speedy trial challenge is well taken. We therefore reverse the judgment of the Perry County Juvenile Court, and vacate appellant's conviction.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/rw