[Cite as *State v. Buckman*, 2022-Ohio-3303.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHNATHON BUCKMAN, | : | Case No. 22-CA-00001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Perry County Court
                                  of Common Pleas, Case No. CRB22
                                  00007


JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 September 20, 2022



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

NANCY RIDENOUR                            SCOTT P. WOOD
Assistant Prosecuting Attorney            Conrad/Wood
Perry County Prosecutor's Office          120 East Main Street, Suite 200
111 North High Street                     Lancaster, Ohio 43130
P.O. Box 569
New Lexington, Ohio 43764-0569

*Baldwin, J.*

{¶1} Defendant-appellant Johnathon Buckman appeals from the denial of his Motion to Dismiss. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶1} On March 18, 2021, appellant was charged in Perry County Municipal Case No. CRB 2100115 with assault in violation of R.C. 2903.13, a misdemeanor of the first degree. Appellant was arraigned on the charges on April 13, 2021 and entered a plea of not guilty. The victim was Samantha Richards. On April 1, 2021, appellant filed a Demand for Discovery. On April 30, 2021, appellee filed a reply to the demand.

{¶2} Appellant, on May 21, 2021, filed a time waiver. On November 3, 2021, appellee filed a Motion to Amend the Complaint to reflect Jake Richards as the victim. Pursuant to an Entry filed on the same day, the motion was granted. The case was dismissed via a Dismissal Entry filed on November 5, 2021.

{¶3} Subsequently, on January 4, 2022, appellee refiled the case charging appellant with assaulting Jake Richards in Case No. CRB 2200007. Appellant filed a Motion to Dismiss on speedy trial grounds on January 10, 2022 and appellee filed a response on January 14, 2022. Pursuant to an Entry filed on January 19, 2022, the trial court denied the motion.

{¶4} Thereafter, on January 21, 2022, appellant entered a plea of no contest to the charge of assault in Case No. CRB 2200007. As memorialized in a Judgment Entry filed on January 21, 2022, appellant was sentenced to 180 days in jail with 170 days suspended and was fined $250.00.

{¶5} Appellant now appeals, raising the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED ON A VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL."

I

{¶7} Appellant, in his sole assignment of error, argues that appellee violated his statutory right to a speedy trial. We disagree.

{¶8} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id.* When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706, 709.

{¶9} A person charged with a first-degree misdemeanor must be brought to trial within 90 days unless the right to a speedy trial is waived. R.C. 2945.71(B)(2). Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶10} A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, *citing State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986). When an appellant has established he was tried outside speedy-trial time limits, the

burden shifts to the state to show that the time limit was extended under R.C. 2945.72. Id. at ¶51. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. Id. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

**{¶11}** Certain events toll the accumulation of speedy-trial time. R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

**{¶12}** The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:….

**{¶13}** (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

**{¶14}** In *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, the Ohio Supreme Court found that the time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock.

**{¶15}** In the case sub judice, appellant was served with the complaint in Case No. CRB 2100115 on March 23, 2021. Speedy trial time began to run on March 24, 2021 and continued until appellant filed a Demand for Discovery on April 1, 2021, which is nine days. Time was then tolled from April 2, 2021 until April 30, 2021 when appellee filed a request for and reply to discovery. Speedy trial time continued from May 1, 2021 until appellant signed a waiver of his speedy trial on May 21, 2021, which is twenty-two (22) days.

**{¶16}** As is stated above, appellee, on November 3, 2021, filed a Motion to Amend the complaint pursuant to Crim.R. 7(D) to change the name of the victim which was granted by the court. The amendment did not change the name or identity of the crime charged, only the name of the victim. Case No. CRB 2100115 was then dismissed on November 5, 2021 and the same charge was refiled on January 4, 2022 in Case No. CRB 2200007.

**{¶17}** We find, therefore, that the speedy trial clock did not begin anew with the refiled charge. *State v. King*, 5th Dist. Perry No. 17-CA-00009, 2018-Ohio-3232, 2018 WL 3831512. The speedy trial clock is tolled, but not reset, during the period between the nolle prosequi of a charge and the subsequent refiling of the same charge. In *State v. Bonariggo*, 62 Ohio St.2d 7, 9-10, 402 N.E.2d 530 (1980) the Supreme Court of Ohio explained:

> In *State v. Spratz* (1979), 58 Ohio St.2d 61, 62, at fn. 2, 388 N.E.2d 751, we expressly noted that the entry of a nolle prosequi on a felony charge tolled the running of statutory speedy trial time until such time as the accused was re-indicted. Similarly, in *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 383 N.E.2d 599, we excluded from the computation of speedy trial time a period between a nolle prosequi of misdemeanor charges and the service of summons of a second filing of misdemeanor charges arising out of the same conduct. In both cases, credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the nolle prosequi.

**{¶18}** See also State *v. Stephens*, 52 Ohio App.2d 361, 371, 370 N.E.2d 759, (8th Dist.1977) ("the proper method of computing time under R.C. 2945.71 is to include time pending trial under original indictment where a nolle prosequi has been entered on the original indictment * * .")

**{¶19}** Appellant was arraigned on the refiled charge on January 6, 2022. Speedy trial time resumed and continued until January 10, 2022 when appellant filed his Motion to Dismiss. Pursuant to R.C. 2945.72(E), the time again tolled from such date until the trial court, on January 19, 2022, issued its decision denying the motion. Speedy trial time began to run again and ceased on appellant's plea on January 21, 2022.

**{¶20}** We find that the speedy trial time charged to appellee in Case No. CRB 2200007 and Case No. CRB 2100115 totals 38 days, which is less than the 90 days mandated by statute. We find, therefore, that appellant's right to a speedy trial was not violated.

**{¶21}** Appellant's sole assignment of error is, therefore, overruled.

**{¶22}** Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.